ROBERT E. BOYCE
State Bar No. 79806
BOYCE & SCHAEFER
Attorney at Law
934 23rd Street
San Diego, CA  92102
619/232-3320
email: rb@boyce-schaefer.com

Attorney for Defendant
DAVID LAUSMAN (6)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(Honorable Janis L. Sammartino)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17CR0623-JLS |
| Plaintiff, | **DEFENDANTS' JOINT POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| v. | |
| DAVID NEWLAND, et.al. | |
| DAVID LAUSMAN, (6) | |
| Defendant. | |

**I.**

**STATEMENT OF CASE**

In an Indictment filed March 10, 2017, defendant DAVID LAUSMAN is charged with violations of 18 U.S.C. § 371; 18 U.S.C. § 201(b)(2)(A) and (C); 18 U.S.C. § 1001(a)(2); 18 U.S.C. § 1519; 18 U.S.C. § 1349, 1346 and 1343; 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

Trial is currently set for February 7, 2022.

////

////

## II.

## Motion to Compel Discovery

Defendants move for the production by the government of its witness list, list of cooperating informants, and exhibit list.

### A. Witness List.

"Although [Federal] Rule [of Criminal Procedure] 16 does not expressly mandate the disclose of nonexpert witnesses, it is not inconsistent with Rule 16 and Rule 2 for a court to order the government to produce a list of such witnesses as a matter of its discretion." *United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008)(en banc)." [F]ederal courts have held that Rule 16 does not preclude the exercise of [the court's] inherent authority to require pretrial disclosure of witness identities where such disclosure is justified by the circumstances of the particular case." Wayne LaFave et al., 5 Criminal Procedure § 20.3(h) (3d ed. 2007); *United States v. Cannone*, 528 F.2d 296, 299 (2d Cir. 1975) ("The general discretion of district courts to compel the government to identify its witnesses is acknowledged widely . . . .").

As many courts have observed, three days is an insufficient amount of time to adequately prepare for cross-examination in a complex case such as this. See, e.g., *United States v. Willis*, 33 F.R.D. 510 (S.D.N.Y. 1963) (finding three days under statute not enough time and ordering witness list to be produced 30 days prior to trial); *United States v. Tipton*, 90 F.3d 861, 888-89 (4th Cir. 1996) (witness list to be produced ten days before trial); *United States v. Thompson*, 349 F. Supp. 2d 369, 375 (N.D.N.Y. 2004) (court ordered production of witness list 45 days prior to trial); *United States v. Falkowitz*, 214 F. Supp. 2d 365, 395 (S.D.N.Y. 2002) (government ordered to produce witness list 30 days prior to trial due to the fact that preparation for trial will be time-consuming); *United States v. Rodriguez*, 380 F. Supp. 2d 1041, 1060 (D.N.D. 2005) (government ordered to produce a witness list 60 days prior to trial).

This Court is aware of the unusually complex nature of discovery and the extraordinary number of potential witnesses in this case. Further, the indictment alleges offenses occurring over an extended period of years, making preparation of the defendants' defense complex and difficult. Given the complexity of this action and the number of potential witnesses involved and to ensure due process, the Court is requested to order that the Government provide its witness list 45 days before the trial date. See *W.R. Grace*, 526 F.3d at 514 (holding that it was not an abuse of the trial court's discretion to order disclosure of a nonexpert witness list one year before trial.)

**B.     Exhibit List and Copies**.

As with nonexpert witness disclosures, Rule 16 does not mandate nor does it prohibit pretrial disclosure of the Government's exhibit list. Given the large number of documents involved in this action, the Court is requested to order that the Government provide its itemized exhibit list and appropriate copies 45 days before trial.

Courts have broad discretion regarding the timing of the disclosure of exhibits. *United States v. Desage*, No. 2:13-cr-39-JAD-VCF, 2017 U.S. Dist. LEXIS 28739, at *5 (D. Nev. Mar. 1, 2017) (ordering government to disclose exhibit list 30 days before trial); *United States v. Barrett*, 153 F.Supp.3d 552, 575 (E.D.N.Y. 2015) (denying defense request for disclosure 60 days before trial; ordering disclosure 45 days before trial); *United States v. Barnett*, No. 11-452(FLW), 2012 U.S. Dist. LEXIS 1609, at *7 (D.N.J. Jan. 6, 2012) (ordering disclosure 30 days before trial); *United States v. Capriotti*, No. 03 CR 779, 2003 U.S. Dist. LEXIS 23281, at *5 (N.D. Ill. Dec. 30, 2003) (ordering government to disclose some exhibits six weeks before trial); *United States v. Falkowitz*, 214 F. Supp. 2d at p. 392 (The interests of justice and fair play mediate in favor of ordering the Government to produce its exhibit list prior to trial because of the numerous documents and alleged participants in a complex case to ensure a fair

trial and the orderly presentation of both the Government's and Defendants' cases.) In *United States v. Perceval*, 458 F.Supp. 874, 882 (S.D.N.Y. 1978), the Government was ordered to identify the documents it intended to use at trial because the 25,000 documents it produced merely "bur[ied] the defendant in paper." Similarly, in a complex tax evasion case, "where all concede that a significant number of documents have been produced by the government and will presumably be used at trial, it is right to narrow the field before trial in order to allow more effective case preparation by the defense." *United States v. Feldman*, 731 F.Supp. 1189, 1200 (S.D.N.Y. 1990); see also *United States v. Turkish*, 458 F.Supp. 874, 882 (S.D.N.Y. 1978).

Here, the government has produced more than 13 million documents in discovery. One witness, Mr. Francis, has provided a certification for 2,734 documents as GDMA business records. Likewise, the government has offered more than 30,000 documents as Google and AOL business records.  Given the sheer volume of discovery in this case, narrowing the universe of documents is imperative to ensure effective defense preparation. The government should be ordered to produce an exhibit list 45 days before trial.

### C. Cooperating informants.

Defendants request disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the alleged crimes charged against them. The government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [against disclosure] must give way.")

The government should be ordered to disclose all informants and cooperating witnesses 45 days before trial.

## Conclusion

For the foregoing reasons, defendants respectfully request the Court grant defendants' motion for disclosure of a witness list, exhibit list, and a list of informants and cooperating witnesses.

Respectfully submitted,

Dated: December 8, 2021

/s/ Robert E. Boyce
Robert E. Boyce
Counsel for David Lausman

/s/ Michael L. Crowley
Michael Crowley
Counsel for Mario Herrera

/s/ Joseph D. Mancano
Joseph D. Mancano
Counsel for David Newland

/s/ Todd W. Burns
Todd W. Burns
Counsel for James Dolan

/s/ David S. Wilson
David S. Wilson
Counsel for Stephen Shedd

/s/ Thomas Peter O'Brien
Thomas Peter O'Brien
/s/ Nicole Lueddeke
Nicole Lueddeke
/s/ Daniel Prince
Daniel Prince
Counsel for Bruce Loveless