RANDY S. GROSSMAN
United States Attorney
MARK W. PLETCHER (Colorado Bar No. 034615)
MICHELLE L. WASSERMAN (California Bar No. 254686)
VALERIE H. CHU (California Bar No. 241709)
DAVID CHU (California Bar No. 242046)
Assistant United States Attorneys
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9714
Email: mark.pletcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN SHEDD,<br><br>        Defendant. | Case No. 17CR0623-JLS<br><br>PLEA AGREEMENT |

    IT IS HEREBY AGREED between UNITED STATES OF AMERICA, through its counsel, and defendant, STEPHEN SHEDD, with the advice and consent of David Wilson, Esq., counsel for defendant, as follows:

I

**THE PLEA**

A.   The Count of Conviction

    Defendant agrees to plead guilty to Count One and Count Eight, Conspiracy to Commit Bribery and Bribery of a Public Official, respectively, of the Indictment returned on March 10, 2017. The attached Restitution Addendum shall govern restitution in this case. If the defendant complies with his obligations pursuant to this plea

agreement, the United States will move to dismiss any remaining additional counts at sentencing in this matter.

B. Prosecution Of Additional Counts

In exchange for the defendant's guilty pleas, the United States agrees not to prosecute additional criminal charges against the defendant based on information now known to the United States arising out of the facts set forth in the Indictment of March 10, 2017. Nothing in this agreement, however, shields the defendant from prosecution for any act or omission not now known to the United States or committed after the date of this agreement. The United States remains free to prosecute the defendant for perjury or making a false statement to a federal agent if the defendant commits such an offense after the defendant signs this plea agreement. Should the defendant commit perjury or give a materially false statement to a federal agent, the United States, at its sole discretion, will be free to prosecute the defendant for that offense, move to set aside this plea agreement, and/or be relieved of its obligations under this agreement.

II
**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

Conspiracy to commit bribery (18 U.S.C. § 371), an offense to which the defendant is pleading guilty, has the following elements:

    1. Defendant agreed with others to commit bribery;

    2. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy and effecting its unlawful objects.

Bribery (18 U.S.C. § 201(b)(2)), the other offense to which defendant is pleading guilty, has the following elements:

1. The defendant was a public official;

2. The defendant demanded, sought, received, or accepted something of value, in return for being influenced in the performance of an official act, or in return for being induced to do or omit to do an act in violation of his official duty; and

3. The defendant acted corruptly, that is, intending to be influenced in the performance of an official act, or to do or omit to do an act in violation of his official duty.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with counsel. Defendant committed each of the elements of the crimes and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed and had this case gone to trial, the United States would have presented evidence to prove them beyond a reasonable doubt:

1. Defendant STEPHEN SHEDD was a Lieutenant Commander in the U.S. Navy, who, from November 2006 to October 2008, served as the Seventh Fleet's South Asia Policy and Planning Officer, in which position he was responsible for identifying ports that U.S. Navy ships would visit consistent with U.S. Navy engagement priorities. From November 2008 to May 2010, SHEDD served as a Personnel Distribution

Officer stationed in Millington, TN, and thereafter, upon being promoted to Commander, from March 2011 until May 2014, SHEDD served as the Executive Officer and later the Commanding Officer of the U.S.S. Milius. At all times, SHEDD was a public official per 18 U.S.C. § 201(a).

2. Glenn Defense Marine Asia ("GDMA") was a corporation headquartered in Singapore, with operating locations in Japan, Thailand, Malaysia, Korea, Hong Kong, Indonesia, Australia, Philippines, and the United States. GDMA's main business involved the "husbanding" of marine vessels, a service it had provided across the Seventh Fleet's area of responsibility under various contracts with the U.S. Navy for over 25 years. "Ship husbanding" involves the coordinating, scheduling, and direct and indirect procurement of items and services required by ships and submarines when those vessels arrive at port. Examples of these items and services included, among others, tugboats; fenders; port authority or customs fees; security; food; fuel; water; trash removal; collection, holding, and transfer of liquid waste ("CHT"); and transportation, among many others.

3. Leonard Glenn Francis, charged elsewhere, was a citizen of Malaysia, and was the owner, President and CEO of GDMA.

4. As charged in the Indictment of March 10, 2017, from in or about February 2006 and continuing at least through February 2014, defendants STEPHEN SHEDD did knowingly and intentionally conspire and agree with others to commit an offense against the United States, namely bribery; that is, (1) defendant STEPHEN SHEDD and others knowingly agreed that, in return for being influenced in the performance of

official acts and being induced to do and omit to do acts in violation of official duties, and aiding and abetting other defendants to be so influenced and induced, (a) Francis and others would directly and indirectly, corruptly give, offer, and promise things of value to defendant STEPHEN SHEDD and others, collectively and individually, including meals, entertainment, travel and hotel expenses, gifts, cash, and the services of prostitutes, and (b) defendant STEPHEN SHEDD and others, collectively and individually, would directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept these things of value personally and for other persons; and (2) defendant STEPHEN SHEDD and others took overt acts in furtherance of this conspiracy, in violation of Title 18, United States Code, Section 201(b)(2)(A) and (C), and Title 18, United States Code, Section 2.

5. As charged in the Indictment of March 10, 2017, from in or about May 2007 and continuing through September 2013, STEPHEN SHEDD, a public official, directly and indirectly, corruptly sought, received, and accepted things of value, including meals, entertainment, travel and hotel expenses, and gifts, among other items, in return for being influenced in the performance of official acts and being induced to do and omit to do acts in violation of his official duties.

6. Defendant further agrees that the facts as alleged in the Indictment of March 10, 2017 are true and undisputed. Defendant agrees that those facts are hereby incorporated by reference as part of the factual basis of his guilty pleas. Defendant agrees that had this case

Plea Agreement  5  Def. Initials SFS
17-CR-0623-JLS

gone to trial, the United States would have presented evidence to prove those facts beyond a reasonable doubt.

7. With respect to Paragraph A80 of the Indictment of March 10, 2017, defendant agrees he received his and her watches from Francis, although defendant asserts the watches were not Ulysse Nardin.

8. During the course of the conspiracy, SHEDD received more than one bribe from Francis and others.

9. During the course of the conspiracy, SHEDD and his conspirators received items of value worth greater than $250,000.

10. During the course of the conspiracy, SHEDD was a public official in a high-ranking decision-making and sensitive position.

III

**PENALTIES**

Conspiracy to commit bribery (18 U.S.C. § 371), an offense to which defendant is pleading guilty, carries the following penalties:

    a. A maximum 5 years in prison;

    b. A maximum $250,000 fine;

    c. A mandatory special assessment of $100;

    d. A term of supervised release of up to three years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release

Bribery (18 U.S.C. § 201), another offense to which defendant is pleading guilty, carries the following penalties:

    a. A maximum 15 years in prison;

b.  A maximum $250,000 fine;

c.  A mandatory special assessment of $100;

d.  A term of supervised release of up to three years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

In addition, defendant shall be subject to an order of restitution to the U.S. Navy, requiring defendant to repay $105,000.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's rights at trial, including:

A.  To continue to plead not guilty and require the United States to prove the elements of the crimes beyond a reasonable doubt;

B.  To a speedy and public trial by jury;

C.  To the assistance of counsel at all stages;

D.  To confront and cross-examine adverse witnesses;

E.  To testify and present evidence and to have witnesses testify on behalf of defendant;

F.  Not to testify or have any adverse inferences drawn from the failure to testify;

G.  Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

H. To assert now or on appeal, any legal, constitutional, statutory, regulatory, and procedural rights and defenses that he may have under any source of federal or common law, including among others, challenges to personal jurisdiction, extraterritoriality, statute of limitations, venue, and the form and substance of the Indictment, including specifically any claim of multiplicity or duplicity.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The United States will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT HIS GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up,

and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened defendant or defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the U.S. Attorney's Office for the Southern District of California and the Criminal Division, Fraud Section, and cannot and does not bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines ("Guidelines") and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in

the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the duty of the United States to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statutes of conviction. It is uncertain at this time what defendant's sentence will be. The United States has not made and will not make any representation about what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw his plea of guilty.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Pursuant to USSG § 3D1.2, Count One and Count Eight group. Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures.

| | |
|---|---|
| Base Offense Level [USSG § 2C1.1(a)(1)] | 14 |
| Special Offense Characteristics – | |
| More Than One Bribe [USSG § 2C1.1(b)(1)] | + 2 |
| Value of Things Obtained by Defendant [USSG §§ 2C1.1(b)(2) and 2B1.1(b)(1)(G)] | + 12 |
| High-Level Decision-making and Sensitive Position [USSG § 2C1.1(b)(3)] | + 4 |
| Acceptance of Responsibility [USSG § 3E1.1] | – 3 |
| **Resulting Adjusted Offense Level** | **29** |

B. ACCEPTANCE OF RESPONSIBILITY

Notwithstanding Paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Failing to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denying, or making a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denying prior criminal conduct or convictions;
3. Being untruthful with the United States, the Court or United States Probation Office; or
4. Breaching this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties agree that the parties will not request or recommend additional upward or downward adjustments and departures, including

criminal history departures under USSG § 4A1.3, pursuant to the United States Sentencing Guidelines. Defendant may, however, request or recommend a sentencing variance pursuant to 18 U.S.C. § 3553(a), and the United States may oppose any such request for a variance.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's criminal history.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The defendant agrees that the facts in the "factual basis" paragraph of this plea agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the United States will recommend that the defendant be sentenced within the advisory guideline range as calculated by the United States at the time of sentencing.

G. SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1. Special Assessment

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties have no agreement as to what fine, if any, the defendant will be sentenced to pay. Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any fine. Regardless of defendant's

compliance, imposition of a payment schedule does not limit the ability of the United States to collect additional amounts from defendant through all available collection remedies, at any time.

### H. SUPERVISED RELEASE

The parties agree to jointly recommend a 36-month period of supervised release, during which time, in addition to any other conditions imposed, defendant will complete 150 hours of community service under the supervision of the U.S. Probation Office. Defendant will not seek to reduce or terminate the term of supervised release until defendant has served at least 1/2 of the term of supervised release and has fully completed his community service obligations and paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant knowingly and voluntarily waives (gives up), any and all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. If the defendant appeals, the United States may oppose the appeal on any available grounds.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be waived (that is, deliberately not raised despite

awareness that the claim could be raised), cannot later be made to any court, and if later made, shall constitute a breach of this agreement.

Defendant further breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, Paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arraignment until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the United States will be relieved of all of its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or, the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement. Defendant agrees that the statute of limitations relating to such charges is tolled indefinitely as of the date all parties signed this agreement, and defendant waives any double jeopardy defense to such charges). The United States may further move to set aside defendant's guilty plea.

Defendant may not withdraw the guilty plea based on the pursuit of the United States of any or all remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, will be admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge that is the subject of this plea agreement and any charges that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach of this plea agreement by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States in any prosecution of, or any action against, defendant, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Fed. R. Crim. P. 11(f), and any other federal rule.

XIII

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement and the incorporated addenda embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant has read it or that it has been read to defendant in his native language. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and his counsel did not advise defendant about what to say in this regard.

Randy S. Grossman
United States Attorney

1/24/22
DATED

Mark W. Pletcher
Assistant U.S. Attorney

January 6, 2022
DATED

David Wilson, Esq.
Counsel for the Defendant

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" ARE TRUE.**

1/6/2022
DATED

STEPHEN SHEDD
Defendant