RANDY S. GROSSMAN
United States Attorney
DAVID CHU (CA Bar No. 242046)
VALERIE H. CHU (CA Bar No. 241709)
MARK W. PLETCHER (CO Bar No. 034615)
MICHELLE L. WASSERMAN (CA Bar No. 254686)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-9714

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID NEWLAND, ET AL.,<br>Defendants. | No. 17-CR-0623-JLS<br>Date:     March 17, 2022<br>Time:    9:00 a.m.<br><br>**UNITED STATES' MOTION TO PRECLUDE THE INTRODUCTION OF HEARSAY UNDER THE GUISE OF CROSS-EXAMINATION** |

# I

# MEMORANDUM OF POINTS AND AUTHORITIES

**A. The Court Should Preclude Defendants From Introducing Improper Hearsay Under the Guise of Cross Examination.**

"Attorneys may not introduce hearsay statements 'under the guise of cross-examination.'" *United States v. Rusnak*, 981 F.3d 697, 708 (9th Cir. 2020); *United States v. Sine,* 493 F.3d 1021, 1031 (9th Cir. 2007); *United States v. Sanchez*, 176 F.3d 1214, 1222 (9th Cir. 1999) ("It is improper 'under the guise of artful cross-examination,' to tell the jury the substance of inadmissible evidence."); *see also* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

In *Sine*, the defendant had been the subject of a lengthy judicial order containing various factual findings. *Sine*, 493 F.3d at 1027. On cross-examination of the defendant and other defense witnesses, the prosecution read lengthy portions of the judge's findings into the record as part of its questioning. *Id.* at 1027-28. The Ninth Circuit found this questioning improper, noting, "a line of questioning that repeatedly incorporates inadmissible evidence can be just as improper as the direct admission of such evidence. We agree with the Fourth Circuit that such 'speaking' questions can violate the Federal Rules of Evidence." *Id.* at 1031. The Ninth Circuit noted that the order was inadmissible hearsay, to the extent that it was offered to prove the truth of the matters asserted by the judgment. *Id.* at 1036. The Ninth Circuit concluded, "unless the order comes within a hearsay exception recognized by the Federal Rules of Evidence, the references to the order should not have been allowed." *Id.; see also Sanchez,* 176 F.3d at 1221-22 (finding cross-examination questions improper where they incorporated the inadmissible hearsay interview of a defendant's wife); *Rusnak*, 981 F.3d at 708 (finding improper cross-examination where questions incorporated prior statements made by witness to the FBI for their truth).

Counsel for Defendant Newland repeatedly laced his questions with inadmissible hearsay, including reading into the record an online Amazon review of Mr. Aruffo's book for its truth (that the buyer found certain facts "worrisome") and proffering out of court statements made by Leonard Francis and other individuals as truthful statements. As the Ninth Circuit has made clear, the rules of evidence still apply during cross-examination and it is not allowed to be a backdoor to put inadmissible evidence, including inadmissible hearsay, before a jury. The United States therefore respectfully requests that the Court prevent defense counsel from introducing inadmissible hearsay via questioning on cross-examination. *See Sine*, 493 F.3d at 1036 (finding that references to judicial order should not have been allowed unless those statements came "within a hearsay exception recognized by the Federal Rules of Evidence.").

17-CR-0623-JLS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion.

DATED: March 16, 2022                              Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ *Michelle L. Wasserman*
Assistant United States Attorney

17-CR-0623-JLS