TARA K. MCGRATH
United States Attorney
PETER KO, CBN 191994
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7359
Email: peter.ko2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) No. 17CR623-JLS |
|---|---|
| v. | ) UNOPPOSED MOTION FOR LEAVE TO ) DISMISS SHEDD FROM INDICTMENT |
| STEPHEN SHEDD (7) | ) |
| Defendant. | ) |

    The United States of America moves under Fed. R. Crim. P. 48(a) for leave to dismiss Shedd from the indictment with prejudice. Shedd admitted in his plea agreement and testimony that he and others committed the charged offense. The prosecution's overriding responsibility, however, is to do justice. What that is in a particular circumstance could be fairly debated. But we do not think it is fair or just for this defendant who acknowledged his guilt and testified publicly against peers of similar or greater culpability to be penalized more harshly or the same. Considering how the other cases ended,

1

through no fault of Shedd's, dismissal is the only realistic way to differentiate his effort to mitigate his wrongs.

Lawyers who do not speak for the prosecution or Shedd, and whose cases are done, have weighed in on this request. ECF 1270, 1273, 1274. Those remarks should be stricken. Court dockets and courtrooms are not a comment space for anyone with an opinion.

The commentary also is unhinged from the evidence. The allegation of a plot to suborn perjury from Shedd, presumably including Shedd's attorneys, is sweeping but ultimately rests on one example. ECF 1270 at 1 (incorporating allegations from the motion filed as ECF 1156 at 91-93). (Pin cites for .pdfs are to the page of the .pdf file, not the page numbers imprinted on the page.)

Shedd testified he communicated with Admiral Crowder's aide, Snee, to avoid the admiral in Jakarta on May 13, 2008, while he, Dolan, Hornbeck, and Loveless violated liberty restrictions and saw Francis at a hotel. ECF 1156 at 92-93; see generally Trial Tr. 5068-80, 5527-32. The referenced motion claimed Shedd said this happened on May 14, ECF 1156 at 92, then purported to discredit him with evidence Francis and Hornbeck were in Kuala Lumpur on that date, *id.* at 93, but Shedd said twice Jakarta was on May 13. Trial Tr. 5074, 5077.

The motion also complained Shedd did not recall these efforts when interviewed on December 23, 2021, then remembered them days later. See ECF 1156-1 at 34, 43. (The defense pointed that out in Shedd's cross. Trial Tr. 5529-32.) A person

recalling a 13-year-old event that they did not recall previously after giving it more thought or something sparked a memory, however, is not dubious. It is human experience and so common that rules like Fed. R. Evid. 612 are designed to address it.

The motion pointed to an interview of Snee as proof the coordination did not happen. ECF 1156 at 92-93. Yet Snee did not deny it happened. He just said he did not recall (if Jakarta was a no-liberty port; if he saw other officers off the ship; if anyone in the Indictment snuck off the ship; if he saw or coordinated with Dolan, Hornbeck, or Loveless) before strangely calling it "plausible" he was used as a lookout, so those three could avoid the admiral. ECF 1156-1 at 29. (Snee also said he drank "pretty heavily" that day. *Id.*)

The motion last cited Hornbeck's claim in a 2017 interview that "he wasn't at an Indonesia port visit." *Id.* at 52; see also ECF 1156 at 93. It is that assertion that seemed questionable, though. Hornbeck, Dolan, Francis, and a fourth person were on a May 13 email about plans to meet in Jakarta "this afternoon," Dolan Tr. Ex. 39, and Dolan himself confirmed, consistent with Shedd, that "we" met Francis at a Jakarta hotel and had a "[s]uite available" but "didn't have hotel rooms or anything because I think there wasn't general liberty." Govt. Tr. Ex. (GX) 21-12; see also GX 21-13 (recording of Dolan confirming, or not disputing or correcting, women were available and did not stay overnight because of force protection level, as Shedd

3

described). (Jose Sanchez also gave an account of the Jakarta visit which mirrors Shedd's. It is not in the record but was provided long ago in discovery.)

The United States said on September 6, 2023, that it did not agree with all the allegations in the new trial motions. This is one of several in that category, often for similar reasons. The character assassination of the prosecution is over the top and unseemly. The events at trial did not create an alternate reality. More than 25 defendants have admitted under oath that the core allegations of their conduct and involvement with Francis are true. This remains a righteous case.

Shedd's counsel say they do not oppose this motion.

DATED:      December 18, 2023

                                Respectfully submitted,

                                TARA K. MCGRATH
                                United States Attorney

                                s/Peter Ko

                                PETER KO
                                Assistant U.S. Attorney